Filed 2/14/22  P. v. Dixon CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARCHIE PERNELL DIXON,<br><br>    Defendant and Appellant. | B307528<br>(Los Angeles County<br> Super. Ct. No. BA128574)<br><br>  OPINION FOLLOWING<br>  TRANSFER FROM<br>  SUPREME COURT |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Reversed and remanded.

Alan Siraco, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal lies from the trial court's summary denial of defendant and appellant Archie Pernell Dixon's second petition under Penal Code section 1170.95 seeking resentencing on his conviction for attempted murder.[1]  We affirmed the court's summary denial in a previous opinion (*People v. Dixon* (July 19, 2021, B307528) [nonpub. opn.] (*Dixon II*)).  Thereafter, the Supreme Court granted review and transferred the matter back to us with directions to vacate the decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551, § 2) (S.B. 775), which expanded section 1170.95 to provide a procedural mechanism for those convicted of attempted murder under the natural and probable consequences doctrine to seek resentencing.

We vacate our opinion in *Dixon II* and, after reconsidering the cause, agree with the parties that the trial court erred by summarily denying appellant's petition under section 1170.95 as amended by S.B. 775.  We reverse the order and remand for the trial court to consider the petition as to appellant's attempted murder conviction under the current version of section 1170.95.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

On March 23, 1995, Kevin Simmons, Robert Adams, and appellant went to a Lancaster home to steal marijuana.  Inside the home were a male and female victim.  After appellant and his cohorts entered the

---

[1]      Undesignated statutory references are to the Penal Code.

[2]      We recite the factual and procedural background from our opinion in *Dixon II*.

home, Simmons held the male victim at gunpoint. As instructed by Simmons, appellant assisted in binding the man with a telephone extension cord before searching the house for marijuana. Appellant took the marijuana and money that he had found to one of the victim's cars and waited. After some time passed, appellant returned to the house to discover Adams pouring alcohol on the man while Simmons beat him over the head with a dumbbell. Simmons and Adams began kicking and beating the woman, at which point Adams tried to give appellant a gun. Appellant refused and told Adams he was going to return to the car with more stolen items. Afterward, appellant saw the living room engulfed in flames. Simmons and Adams came to the car, and all three left the crime scene. When police officers responded to the home, they found a man and woman lying on the living room floor. The man was dead; the woman was barely alive, gagged, bound, and covered in blood.

A jury convicted appellant in 1997 of first degree murder (§ 187, subd. (a), count 1), robbery (§ 211, count 2), and attempted murder (§ 664/187, subd. (a), count 3). The jury found true that the murder was committed during the commission of a robbery (§ 190.2, subd. (a)(17)), and that a principal was armed with a firearm during the murder, robbery, and attempted murder (former § 12022, subd. (a)(1)). The jury also found that the attempted murder was willful, deliberate, and premeditated (§ 664/187, subd. (a)). Appellant was sentenced to life without the possibility of parole (LWOP) plus one year for murder on count 1, and a consecutive term of life imprisonment for attempted

3

premeditated murder on count 3 (the court stayed appellant's sentence for robbery on count 2).

We affirmed appellant's conviction in 1999. (*People v. Dixon* (Feb. 24, 1999, B113489 [nonpub. opn.] (*Dixon I*).)[3]

In 2018, the trial court granted appellant's petition for writ of habeas corpus on the robbery-murder special circumstance (see *People v. Banks* (2015) 61 Cal.4th 788), struck the LWOP sentence on count 1, and resentenced appellant to 25 years. The court maintained the same sentences it had imposed on counts 2 and 3.

In 2018, the Legislature passed, and the Governor approved, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (S.B. 1437), which came into effect January 1, 2019 (Stats. 2018, ch. 1015, § 4). As enacted by S.B. 1437, section 1170.95 provided a procedural mechanism for defendants convicted of murder on a felony murder theory or under the natural and probable consequences doctrine to seek resentencing. (Stats. 2018, ch. 1015, § 1.)

In his first petition for resentencing under section 1170.95 filed in 2019, appellant requested that the court vacate his first degree murder conviction on count 1. Over the People's objection, the trial court granted the petition and struck appellant's sentence on count 1. The court re-imposed a life imprisonment sentence for attempted premeditated murder on count 3, and sentenced appellant to a consecutive term of 10 years for robbery on count 2.

---

[3] We grant appellant's request to take judicial notice of our prior opinion in *Dixon I*.

Appellant filed his second section 1170.95 petition on May 23, 2020, this time seeking resentencing on his attempted murder conviction on count 3. Prior to appointing appellant counsel, on July 6, 2020, the trial court summarily denied the petition, reasoning that section 1170.95 did not apply to appellant's conviction for attempted murder.

We affirmed the order summarily denying appellant's second petition in *Dixon II*. In our decision, we noted that appellant had failed to furnish the court with a record demonstrating that he was tried and convicted of attempted murder under the natural and probable consequences doctrine. (*Dixon II*, *supra*, at p. 8.) Assuming the jury was instructed on such a theory, we still found appellant ineligible relief under former section 1170.95, which at the time omitted any reference to final convictions for attempted murder. (*Id.* at pp. 8–9.)

Appellant petitioned for review in the Supreme Court. On September 22, 2021, the Supreme Court granted review and deferred consideration and disposition pending further order of the court.

While the matter was pending before the Supreme Court, on October 5, 2021, the Governor signed into law S.B. 775. Effective January 1, 2022, S.B. 775 amends section 1170.95 by expanding the petition process to include individuals of "attempted murder under the natural and probable consequences doctrine." (Legis. Counsel's Digest, Sen. Bill No. 775 (2021-2022 Reg. Sess).) The legislation was passed as nonurgency legislation during the regular session, becoming effective on January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c)(1); see *People v. Camba* (1996) 50 Cal.App.4th 857, 862.)

5

On December 22, 2021, the Supreme Court transferred the matter back to this court and directed that we vacate our decision and reconsider the cause in light of S.B. 775. In supplemental briefing filed with this court following the transfer, appellant and the Attorney General agree that under the amended version of section 1170.95, we must reverse and remand the order summarily denying appellant's petition.

## DISCUSSION

Based on the amended version of section 1170.95, we agree with the parties, and reverse and remand the trial court's order summarily denying appellant's petition.

Under the current version of section 1170.95, appellant may now be able to establish a prima facie showing of eligibility as to his attempted murder conviction. (See § 1170.95, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . conviction vacated and to be resentenced on any remaining counts"].) Following the transfer from the Supreme Court, appellant has provided this court the jury instructions from his trial in 1997. Those instructions demonstrate that appellant was tried for attempted murder under the natural and

probable consequences doctrine.[4]  An instruction titled "WWLJ 3.02A" provided:

"One who aids and abets another in the commission of a crime is not only guilty of that crime, but is also guilty of any other crime committed by a principal which is a natural and probable consequence of the crime originally aided and abetted.  [¶]  In order to find the defendant guilty of the crime of attempted murder, as charged in Counts Three [*sic*], you must be satisfied beyond a reasonable doubt that:

"(1)  The crime of robbery was committed,

"(2)  The defendant aided and abetted such crime,

"(3)  A co-principal in such crime committed the crime of attempted murder, and

"(4)  The crime of attempted murder was a natural and probable consequence of the commission of the crime of robbery.

"You may not find a defendant guilty as an aider and abettor of the attempted murder charged in count 3 unless a reasonable person under like circumstances and in the same position as the defendant would have recognized that the crime of attempted murder was a reasonably foreseeable consequence of the act aided and abetted."

Because the trial court's order denying appellant's petition for resentencing had not become final prior to the time S.B. 775 went into effect, the ameliorative provisions in S.B. 775 apply.  (See *People v.*

---

[4]    We granted appellant's motion to augment the record with the jury instructions that had been given at his trial in 1997.

*Garcia* (2018) 28 Cal.App.5th 961, 973; *People v. Vieira* (2005) 35 Cal.4th 264, 305.)  Thus, we reverse the order denying appellant's petition and remand the matter to the trial court with directions to appoint appellant counsel, if requested, and proceed in accordance with section 1170.95, subdivision (c).  (See *People v. Lewis* (2021) 11 Cal.5th 952, 957, 962.)

## DISPOSITION

The postjudgment order summarily denying appellant's section 1170.95 petition is reversed.  The matter is remanded to the trial court to appoint appellant counsel, if requested, and hold proceedings in accordance with section 1170.95, subdivision (c).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.

We concur:


COLLINS, J.


CURREY, J.